# Exhibit "A"



11/3/2016 8:46:46 AM
Chris Daniel - District Clerk Harris County
Envelope No. 13595308
By: Kevin Childs
Filed: 11/3/2016 8:46:46 AM

2016-76257 / Court: 189

Texas Southern University
Office of General Counsel

CAUSE NO. _____

| | | |
|---|---|---|
| PATRICE NEWSOME, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LAKEYTRICK QUINN | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| TEXAS SOUTHERN UNIVERSITY | § § § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Patrice Newsome, individually and as personal representative of the Estate of Lakeytrick Quinn ("Plaintiff"), files this Original Petition complaining of Defendant Texas Southern University ("Defendant" or "TSU") and respectfully shows the following:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff intends to conduct discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II. AMOUNT IN CONTROVERSY

2. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $1,000,000.00.

### III. PARTIES AND SERVICE

3. Plaintiff Patrice Newsome is an individual citizen and resident of Harris County, Texas.

4. Defendant Texas Southern University is, on information and belief, a public university that can be served with process by serving its president, Dr. Austin A. Lane, 3100 Cleburne Street, Hannah Hall, Suite 220, Houston, Texas 77004.

## IV. JURISDICTION AND VENUE

5. The damages sought by Plaintiff are within the jurisdictional limits of this Court.

6. This Court has personal jurisdiction over the parties, all of whom are, based on information and belief, Texas citizens and residents.

7. Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County.

## V. BRIEF FACTUAL BACKGROUND AND PLAINTIFF'S CAUSES OF ACTION

8. Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiff provides the following short statement of her causes of action for negligence, gross negligence, wrongful death and survival, in plain and concise language, sufficient to give fair notice of her claims against Defendant.

9. This lawsuit is necessary to collect on a legal debt and damages due and owing to Plaintiff because of an occurrence that took place on August 25, 2015.

### Negligence

10. On August 25, 2015, Lakeytrick Quinn was shot and killed on the campus of Texas Southern University.

11. Almost exactly a year before this occurrence, on August 21, 2014, TSU police officers wrote a letter to TSU's president, explaining their serious concerns regarding campus safety and security. In an October 1, 2014 memorandum, TSU's president dismissed the

officers' concerns and (among other actions) denied requests for better training and equipment. The woeful shortcomings regarding safety and security on the TSU campus – some of which were explicitly set out in the letter from campus police officers but were ignored by TSU's president and by other TSU officials – proximately caused Mr. Quinn's death and Plaintiff's resulting damages.

12. Plaintiff's damages were proximately caused by a premises defect and/or a negligent activity on TSU's premises. Defendant has waived sovereign immunity pursuant to Texas Civil Practice and Remedies Code §§ 101.021 and 101.022 because this case involves personal injury caused by a condition or use of tangible property and/or a claim arising out of premises defects. For example, TSU had actual or constructive knowledge of a condition on its premises, this condition posed an unreasonable risk of harm, Defendant did not exercise reasonable care to reduce or eliminate the risk, and Defendant's failure to use such care proximately caused Plaintiff's injuries and damages.

## Gross Negligence

13. Defendant's negligent acts and omissions constitute an entire want of care that indicates that the acts and omissions described above were the result of gross negligence and/or malice. These acts and omissions, when viewed objectively from the standpoint of Defendant, involved an extreme degree of risk considering the probability and the magnitude of the potential harm to Mr. Quinn. In addition, Defendant had actual, subjective awareness of the risks involved in these acts and omissions, but nevertheless proceeded with conscious indifference to Mr. Quinn's rights, safety or welfare. Defendant's gross negligence proximately caused Plaintiff's injuries and damages. Plaintiff asserts a claim for punitive and/or exemplary damages sufficient to punish Defendant and to deter Defendant and others from similar conduct in the

future.

## Wrongful Death Action

14. Plaintiff has suffered pecuniary losses, the loss of companionship and society (including but not limited to the loss of the positive benefits flowing from the love, comfort, companionship and society that Plaintiff, in reasonable probability, would have received from Mr. Quinn if he had lived) and mental anguish and emotional distress (including but not limited to emotional pain, torment and suffering because of the death of Mr. Quinn). In reasonable probability, Plaintiff will continue in the future to suffer these pecuniary losses, loss of companionship and society and mental anguish and emotional distress. Plaintiff asserts a wrongful death claim pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code.

## Survival Action

15. Plaintiff is entitled to recover damages based on the survival statute, set out in Chapter 71 of the Texas Civil Practice and Remedies Code, for the physical pain and suffering, mental anguish and emotional distress, medical expenses and funeral and burial expenses incurred due to the death of Mr. Quinn. Recoverable physical pain and suffering and mental anguish and emotional distress includes but is not limited to the conscious physical pain and the emotional pain, torment and suffering experienced by Mr. Quinn before his death as a result of Defendant's negligence. Funeral and burial expenses include but are not limited to the reasonable amount of the expenses for the funeral and burial of Mr. Quinn reasonably suitable to his station in life. There are no debts owing to the estate and no administration of the estate is necessary. Accordingly, Plaintiff asserts a survival claim for all damages recoverable under the survival statute.

## VI. SUITS IN ASSUMED NAME

16. Pursuant to Texas Rule of Civil Procedure 28, Plaintiff sues Defendant in its partnership, assumed or common name for the purpose of enforcing Plaintiff's substantive rights against it. Nevertheless, Plaintiff moves that any partnership, unincorporated association, private corporation or individual doing business under an assumed name substitute a true name.

## VII. CONDITIONS PRECEDENT

17. Pursuant to Texas Rule of Civil Procedure 54, Plaintiff avers that all conditions precedent have been performed or have occurred.

## VIII. PRODUCTION OF DOCUMENTS SELF-AUTHENTICATING

18. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff provides actual notice to Defendant that any party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## IX. REQUESTS FOR DISCLOSURE

19. Pursuant to Texas Rule of Civil Procedure 194.1, Defendant is requested to disclose, within fifty days of service of Plaintiff's Original Petition, the information or material described in Rule 194.2(a) - (l).

## X. AMENDMENT OF PLEADINGS

20. Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiff reserves the right to amend this petition.

## XI. JURY DEMAND

21. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests a trial by jury.

## XII. PRAYER FOR RELIEF

22.　WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be served with citation and process and that, after a jury trial, this Court enter a judgment against Defendant awarding Plaintiff past and future actual damages, past and future pecuniary losses, damages for past and future mental anguish and emotional distress, damages for the physical pain and suffering and mental anguish and emotional distress suffered by Mr. Quinn before his death, medical expenses incurred by or on behalf of Mr. Quinn, expenses for the funeral and burial of Mr. Quinn, damages for Plaintiff's past and future loss of companionship and society, damages for past and future loss of advice and counsel, damages for past and future loss of care, damages for past and future loss of financial support, punitive and/or exemplary damages, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the maximum rate allowed by law and taxable court costs. Plaintiff also respectfully demands judgment for all other relief to which she is or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

　　　/s/ Joseph R. Little
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney in Charge for Plaintiff

THE FOLEY LAW FIRM

By: s/ Taft L. Foley, II
Taft L. Foley, II
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

Attorney for Plaintiff

CAUSE NO.   201676257

| | |
|---|---|
| RECEIPT NO.<br>********** | 0.00   ATY<br>TR # 73307552 |
| PLAINTIFF: NEWSOME, PATRICE (INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE<br>vs.<br>DEFENDANT: TEXAS SOUTHERN UNIVERSITY | In The   189th<br>Judicial District Court<br>of Harris County, Texas<br>189TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TEXAS SOUTHERN UNIVERSITY MAY BE SERVED BY SERVING
    DR AUSTIN A LANE PRESIDENT
    3100  CLEBURNE ST HANNAH HALL SUITE 220   HOUSTON  TX   77004

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>3rd day of November, 2016</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 4th day of November, 2016, under my hand and seal of said Court.

<u>Issued at request of:</u>
LITTLE, JOSEPH RAY
440  LOUISIANA ST SUITE 900
HOUSTON, TX  77002
Tel: (713) 222-1368
<u>Bar No.</u>:  784483

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: FRANKLIN, KRYSTAL GAYLE
Q8I//10531631

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                                    _____
                                                    _____ of _____County, Texas